**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 11-cv-01884-CMA-MJW

WERNER INVESTMENTS, LLC,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

---

**ORDER DENYING MOTION TO INTERVENE**

---

This matter is before the Court on the Motion to Intervene and Supporting Authority (Doc. # 39) filed by Edge Construction ("Edge") on June 6, 2013. In its motion, Edge requests permission to intervene as a party-Plaintiff pursuant to Fed. R. Civ. P. 24. (*Id.* at 1.) For the reasons discussed below, the motion is denied.

## I. BACKGROUND

This action arose from a dispute concerning whether or not Defendant American Family Mutual Insurance Company ("American Family") properly responded to a claim filed by its insured, Plaintiff Werner Investments, LLC ("Werner"), in accordance with its contractual and statutory duties. (*See* Doc. # 22.) Following a July 21, 2009 storm, Werner filed a claim with American Family for hail damage to its apartment complex. (Doc. # 39-1 at ¶¶ 7-8.) When the parties could not agree on a damage estimate, they agreed to hire a neutral appraisal umpire. (*Id.* at ¶ 8.) A few months later, Werner hired

a public adjuster, David Greeson Adjusters, Ltd. ("DGA") to assess damage from the storm. (*Id.* at ¶ 9.) DGA found that the roofs of the complex had suffered wind damage, and DGA contacted American Family's adjuster to alert her to this finding. (*Id.*) Werner also contracted with Grace Construction, LLC ("Grace") to evaluate the damage to its complex. (*Id.* at ¶ 10.) Under its contract with Werner, Grace purportedly had the authority to contact American Family on behalf of Werner for all matters relating to the insurance claim. (*Id.*) According to Edge, the contract also authorized Grace to act as Werner's agent relating to the insurance claim. (*Id.*) Grace subsequently merged with Edge, which assumed all of Grace's previous contractual rights and obligations. (*Id.*)

On June 30, 2011, Werner filed suit against American Family to recover the cost of repairing the damage to the complex. (*Id.* at ¶ 11.) Specifically, Werner sought $173,823.65 to repair and replace the roofs. (*Id.*) During the pendency of the suit, Werner received an offer to sell the complex, which required Werner to replace the roofs beforehand. (*Id.*) Lacking sufficient funds to do so, Werner entered into a contract with Edge on April 24, 2012, under which Werner put $40,000 down and Edge agreed to delay the collection of the remaining amount due in exchange for any proceeds awarded from the lawsuit against American Family. (*Id.*) Based on this contract, Edge replaced the roofs. (*Id.*)

In the instant motion, Edge claims that its interests have not been adequately represented by counsel for Werner, and therefore it requests permission to intervene in this action. (Doc. # 39 at 5.) Specifically, Edge contends that its interests are not being

adequately represented because “Plaintiff’s previous counsel failed to take crucial depositions of Defendant’s adjuster and expert witnesses . . . .” (*Id.*) To support its motion, Edge relies on Fed. R. Civ. P. 24 and *Kyle v. Larson Enterprises, Inc. v. Allstate Insurance Co.*, --- P.3d ----, 2012 WL 4459112 (Colo. App. Sept. 27, 2012). In *Kyle*, a division of the Colorado Court of Appeals held that the definition of a “first-party claimant” under Colo. Rev. Stat. §§ 10-3-1115 & 1116 included a repair vendor whose contract with the owner of insured property allowed the vendor to bring a claim for the cost of its services directly against the insurance company. *Id.* at *3. Edge asserts that the terms of its contract with Werner mirror the terms of the contract between the vendor and owner of the insured property in *Kyle* and that, thus, Edge may intervene in the instant action as a first-party claimant. (Doc. # 39 at 4.) Edge explains that it did not file the instant motion earlier because it “did not become aware” of the holding in *Larson* “until about three weeks ago.” (Doc. # 39 at 3.)

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 24(a), a third party may intervene as a matter of right where it “claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.” The Tenth Circuit has set forth a four-factor test providing for a party to intervene as a matter of right if: (1) the motion to intervene is timely; (2) the motion “claims an interest relating to the property or transaction which is the subject of

the action"; (3) the movant's interest "may be impaired or impeded"; and (4) the movant's interest "is not adequately represented by existing parties." *Elliott Indus. Ltd. v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

## III. DISCUSSION

In the instant case, the Court's analysis begins and ends with the first factor, because the Court finds that Edge's motion is untimely.[1] In determining whether a motion to intervene is timely, a court must consider "all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Id.* (quoting *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001)).

Edge has known of its interest in this case at least since Werner contracted with it on April 24, 2012 – *i.e.*, more than one year ago. Further, since the discovery cut-off was August 31, 2012 (Doc. # 11 at 9), any discovery deficiencies were readily apparent as of that date. Moreover, whatever clarity the *Larson* opinion shed on Edge's legal basis for intervention existed as of September 27, 2012, when that opinion was released. Edge offers no persuasive explanation for its more than eight month delay in filing its motion to intervene. That Edge "did not become aware of this new holding concerning Colorado insurance law until about three weeks ago" (Doc. # 39 at 3) does

[1] For this reason, the Court denies the instant motion without considering whether Edge's interests are, or have been, adequately represented by counsel for Werner. *See NAACP v. New York*, 413 U.S. 345, 365 (1973) (noting that when a motion to intervene is "untimely, intervention must be denied. Thus, the court where the action is pending must first be satisfied as to timeliness.").

not pass muster, especially considering that, as already mentioned, Edge has known of its interest in this case for more than a year.

Trial will commence on July 8, 2013. (*See* Doc. # 43.) Edge's intervention would necessitate further discovery, as Edge's stated reason for intervening is to remedy "Plaintiff's previous counsel['s] fail[ure] to take crucial depositions of American Family's adjuster and expert witnesses." (Doc. # 39 at 5.) Allowing Edge to intervene mere weeks from trial would delay the proceedings and unfairly prejudice American Family by imposing the need for additional costs and labor. Edge points to no unusual circumstances that would excuse the untimely filing of its motion, nor does it convince the Court that any prejudice it may experience suffices to allow intervention at this late date. Given the burdens and inconvenience Edge's intervention would impose, and absent any satisfactory explanation for the untimeliness of the instant motion, Edge is not entitled to intervene in this action.[2]

[2] Because Edge's motion is untimely, its alternate argument for permissive intervention likewise fails. *See* Fed. R. Civ. P. 24(b) (requiring "timely motion").

## IV. CONCLUSION

For the foregoing reasons, Edge's Motion to Intervene and Supporting Authority (Doc. # 39) is DENIED.

DATED: June __14__, 2013

BY THE COURT:

[signature]

CHRISTINE M. ARGUELLO
United States District Judge